Steven W. ROSE, Plaintiff—Appellant,

v.

State of CALIFORNIA, Defendant—Appellee.

No. 08–17787.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Steven W. Rose, Vacaville, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner Steven W. Rose appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations, as well as several federal statutory and state law claims against the State of California. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal pursuant to 28 U.S.C. § 1915A. *Ramirez v. Galaza*, 334 F.3d 850, 853–54 (9th Cir.2003). We vacate and remand.

Although *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars Rose's request for money damages in his challenge to the procedures used during his parole hearing, it does not necessarily bar a claim for prospective injunctive and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 76, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (allowing claims challenging parole procedures to proceed under § 1983 because the injunctive and declaratory relief that plaintiffs sought would not necessarily spell speedier release). Because Rose's nearly 250–page complaint also requests prospective injunctive and declaratory relief, it is not clear that he could not state a viable claim under section 1983, if advised of the deficiencies in the complaint and given an opportunity to amend and comply with

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Rule 8. *See* Fed.R.Civ.P. 8(a) (requiring a short and plain statement of the claim). Accordingly, we vacate the judgment and remand for further proceedings. *See Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir.2000) (en banc) (stating that leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the defects in the pleading).

Rose's pending motions are denied.

Rose shall bear his own costs on appeal.

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.